IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> <br> Plaintiff, <br> <br> v. <br> <br> MARIC CARE SERVICES INC., <br> a Maryland corporation, resident of Harford County; <br> ERIC OSEI; resident of Harford County; and <br> MAAME ANDREWS, resident of Harford County <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-cv-1306 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Maric Care Services Inc., a Maryland corporation, Eric Osei, individually and as owner, officer, and manager of the aforementioned corporation, and Maame Andrews, individually and as owner, officer, and manager of the aforementioned corporation, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Maric Care Services Inc. ("Maric") is a corporation duly organized under the laws of the State of Maryland. Maric's registered office and principal place of business

is 1018 Edgewood Road, Suite D, Edgewood, Maryland, in Harford County within the jurisdiction of this Court. Maric is engaged in a domestic homecare business operating out of this same address, within the jurisdiction of this Court.

3. Defendant Eric Osei is the co-owner, president, CEO, and registered agent of Maric. Mr. Osei directed employment practices and has directly or indirectly acted in the interest of Maric in relation to its employees at all relevant times herein, including hiring, firing, supervising, administering payroll, signing paychecks, and setting the conditions of employment for employees. Mr. Osei resides at 2704 Bourne Way, Edgewood, MD, in Harford County within the jurisdiction of this Court.

4. Defendant Maame Andrews is the co-owner, corporate secretary, and director of nursing of Maric. Ms. Andrews has directly or indirectly acted in the interest of Maric in relation to its employees at all relevant times herein, including performing nurse monitoring of caregivers' clients, instructing caregivers in their work duties, performing quality control of caregivers, performing in-person supervisory visits of caregivers at clients' homes, and completing and signing caregiver supervision forms on behalf of Maric. Ms. Andrews resides at 2704 Bourne Way, Edgewood, MD, in Harford County within the jurisdiction of this Court.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees provide in-home care services to Maric's clients.

7. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

9. For example, during the time period from at least March 17, 2016, through at least March 16, 2019, Defendants failed to compensate certain of their employees employed as caregivers who worked over 40 hours in a workweek hours at rates not less than one and one-half times their regular rates. These employees worked at least one hour in excess of forty per workweek during this time period. Employees worked between approximately 50 and 100 hours total per workweek on average. Defendants only paid these employees their straight-time hourly rates for all hours worked, and did not pay the required one and one-half premium rate for overtime hours worked in excess of forty per workweek.

10. Defendants knew or should have known of their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. In 2018, an employee complained to Defendant Osei that Defendants were not paying this employee the required time and one-half overtime premium for the employee's overtime hours worked.

Defendants paid this employee a check for $2,279.50 to resolve the employee's unpaid overtime claim.

Defendants manipulated their payroll records to conceal and/or minimize their overtime liability. Defendants issued certain employees two separate paychecks or direct payroll deposits for the same pay period: one for forty hours per week at the employee's straight time hourly rate, and a second for all hours worked in excess of forty per workweek at the same straight time hourly rate. Defendants manipulated certain employees' pay rates to a higher hourly rate, but only paid them only for forty hour per workweek, and not for any overtime hours worked.

Defendants continued to fail to pay their employees the proper time and one-half overtime premium for hours worked in excess of forty per workweek, even after the Wage and Hour Division of the United States Department of Labor informed Defendants that their pay practices violated the overtime provisions the Act. During the Wage and Hour investigation of Defendants' overtime compensation practices, Defendant Eric Osei admitted that he knew that he was required to pay employees time and one-half for overtime hours worked, and further admitted he did not do so. After the Wage and Hour Division began its investigation of Defendants' overtime practices, Defendants changed certain hourly employees to salaried status, but did not pay them the required time and one-half overtime premium for overtime hours worked.

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

For example, due to their practice of paying employees only their straight time hourly rates for all hours worked, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' total weekly straight-time earnings, total weekly overtime premium pay, and total wages paid per pay period. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 17, 2016, through at least March 16, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 16, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of

unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>170 S. Independence Mall West<br>Suite 630E, The Curtis Center<br>Philadelphia, PA 19106 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5141 (voice)<br>(215) 861-5162 (fax) | */s/ Brian P. Krier*<br>Brian P. Krier<br>Senior Trial Attorney |
| krier.brian@dol.gov | District of Maryland Bar ID No. 811458 |