## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:20-cv-1306-ELH |
| | ) | |
| MARIC CARE SERVICES INC., | ) | |
| a Maryland corporation, resident of Harford County; | ) | |
| ERIC OSEI; resident of Harford County; and | ) | |
| MAAME ANDREWS, resident of Harford County | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act").  Defendants named above, hereinafter referred to as "Defendants" or "Employers," waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest.  It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1.      Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.      Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 1018 Edgewood Road, Suite D, Edgewood, Maryland, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.      Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 1018 Edgewood Road, Suite D, Edgewood, Maryland, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4.      Defendants shall not fail to keep and maintain accurate and complete employee records of overtime hours worked and overtime premiums due.

5.      Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

i.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

ii.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

iii.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

6.      Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $351,225.09, and are jointly and severally liable for the payment of $351,225.09 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

7.      Regarding the matter of the civil money penalty, Defendants have agreed that the amount currently due and payable is $41,106.00, that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of

Labor, and that they waive any and all rights to appeal or contest such assessment.   As such, Defendants shall pay pursuant to Section 16(e) of the Act, a civil money penalty in the amount of $41,106.00 no later than thirty days (30) days after the entry of this Consent Judgment.  Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734139 or www.pay.gov.  Alternatively, payment may be made by certified check, bank check, or money order, payable to "Wage and Hour Division, U.S. Department of Labor," and mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3323.

8.      Defendants shall pay gross back wages and liquidated damages in the total amount of $702,450.18, for violations of the overtime provisions of the Act by Defendants alleged to have occurred during the period beginning March 16, 2016 and ending March 16, 2019, ("relevant period").  This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.  Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

i.      The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of the Plaintiff payment in the amount of $702,696.68 within thirty (30) days of the entry of this Judgment by the Court.  Payment may be made online by ACH

transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032
or www.pay.gov.

Alternatively, payment may be in the form of a certified check, bank check, or money order
made payable to the order of "**Wage and Hour Division – Labor**," and mailed to:

**U.S. Department of Labor, Wage & Hour Division**
**The Curtis Center, Suite 850 West**
**170 South Independence Mall West**
**Philadelphia, PA  19106-3317**

The check or money order shall bear the following reference: **Case ID# 1878132**.

      ii.    The Secretary, through the Wage and Hour Division, shall distribute the
back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated
damages payments to the employees and former employees, or to their estates, as set forth in
Schedule A.  Schedule A will show for each individual the gross back pay due (subject to
applicable legal deductions), and liquidated damages.  Any sums not distributed to the
employees or former employees on Schedule A, or to their estates, because of inability to locate
the proper persons or because of such persons' refusal to accept such sums, shall be deposited
with the Treasurer of the United States pursuant to 29 U.S.C § 216(c).

      iii.    To the best of their ability and based upon information it currently has in
its possession, Defendants shall provide to Plaintiff the social security number and last known
address of each employee or former employee due money under this Consent Judgment at the
time of the initial lump sum payment.

      iv.    The provisions of this Consent Judgment shall not in any way affect any
legal right of any individual not named in Exhibit A, nor shall the provisions in any way
affect any legal right of any individual named in Exhibit A to file any action against
Defendants for any violations alleged to have occurred outside the relevant period.

5

9.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.  Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.  If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

10.     Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation.  The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after March 16, 2019, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

11.     Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

12.     By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding

6

including, but not limited to, attorncy fees which may be available under the Equal Access to

Justice Act, as amended.

*Ellen L. Hollander*
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2020

Defendants hereby consent to the entry of this Judgment.

For Defendants Marie Care Services Inc., and Eric Osei

Eric Osei
Individually, and as owner, president, CEO, and agent of Marie Care Services Inc.

For Defendants Marie Care Services Inc., and Maame Andrews

Maamc A11drews
Individually, and as owner and secretary of Marie Care Services Inc.

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Brian P. Krier
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor, Region III
Suite 630E, The Cmtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5141
215-861-5162 (fax)
krier.brian@dol .gov

U.S. DEPAR'I:MENT OF LABOR

Attorneys for Plaintiff
U.S. Depa11ment of Labor

7

**SCHEDULE A**

| NAME | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| BONNIE MADISON | $ 18,154.14 | $ 18,154.14 | $ 36,308.28 |
| KRISTEN CARNECKI | $ 56.25 | $ 56.25 | $ 112.50 |
| ANGELA CHRISTY | $ 2,351.94 | $ 2,351.94 | $ 4,703.88 |
| NICOLE HAMILTON | $ 35.65 | $ 35.65 | $ 71.30 |
| DEBORA BROOKS | $ 17,549.25 | $ 17,549.25 | $ 35,098.50 |
| ELVIRA REYNOLDS | $ 344.12 | $ 344.12 | $ 688.24 |
| JOSEPH WADKINS | $ 1,280.81 | $ 1,280.81 | $ 2,561.62 |
| PATRICIA SCOTT | $ 1,170.00 | $ 1,170.00 | $ 2,340.00 |
| CHRISTINA PAISLEY | $ 18,628.32 | $ 18,628.32 | $ 37,256.64 |
| TIFFANY PARKER | $ 8,162.07 | $ 8,162.07 | $ 16,324.14 |
| RAYMOND WATSON | $ 4,914.00 | $ 4,914.00 | $ 9,828.00 |
| TINE CHAPMAN | $ 27,225.91 | $ 27,225.91 | $ 54,451.82 |
| SHEILA NASH | $ 4,536.60 | $ 4,536.60 | $ 9,073.20 |
| MANDY ROBERTS | $ 639.56 | $ 639.56 | $ 1,279.12 |
| GINGER MUMIN | $ 18,900.00 | $ 18,900.00 | $ 37,800.00 |
| TIANA WEBSTER | $ 103.80 | $ 103.80 | $ 207.60 |
| CHRISTINA MARTIN | $ 5,401.98 | $ 5,401.98 | $ 10,803.96 |
| TIFFANY CRAWFORD | $ 3,024.00 | $ 3,024.00 | $ 6,048.00 |
| KATHY WILLIAMS | $ 3,500.00 | $ 3,500.00 | $ 7,000.00 |
| JAMIE FERRIS | $ 475.43 | $ 475.43 | $ 950.86 |
| PRINCESS GIVENS | $ 65.00 | $ 65.00 | $ 130.00 |
| GWENDOLYN GIBBS | $ 825.00 | $ 825.00 | $ 1,650.00 |
| BOBBY POWELL | $ 2,920.83 | $ 2,920.83 | $ 5,841.66 |
| AUTUMN SMITH | $ 2,220.00 | $ 2,220.00 | $ 4,440.00 |
| LAKEISHA GARNETT | $ 1,848.00 | $ 1,848.00 | $ 3,696.00 |
| MORIA SMITH | $ 1,348.20 | $ 1,348.20 | $ 2,696.40 |
| MARLENE ARISTA | $ 28,245.88 | $ 28,245.88 | $ 56,491.76 |
| REGINA BYARD | $ 24,754.36 | $ 24,754.36 | $ 49,508.72 |
| ROCKIE POE | $ 29,719.94 | $ 29,719.94 | $ 59,439.88 |
| DAWN BRYANT | $ 1,323.00 | $ 1,323.00 | $ 2,646.00 |
| ALICIA JONES | $ 342.00 | $ 342.00 | $ 684.00 |
| SANDRA PELL | $ 18,264.44 | $ 18,264.44 | $ 36,528.88 |
| TERESA GILBERT | $ 19,465.25 | $ 19,465.25 | $ 38,930.50 |
| GENEVIEVE WAH | $ 1,275.00 | $ 1,275.00 | $ 2,550.00 |
| NASHELLE WESLEY | $ 268.90 | $ 268.90 | $ 537.80 |
| BROOKE MURPHY | $ 112.64 | $ 112.64 | $ 225.28 |
| ANNA FORD | $ 7,320.00 | $ 7,320.00 | $ 14,640.00 |
| SURULERE DJOTAN | $ 110.99 | $ 110.99 | $ 221.98 |
| CHRISTA MAYS | $ 91.00 | $ 91.00 | $ 182.00 |
| ROMEKA YOUNG | $ 157.78 | $ 157.78 | $ 315.56 |

| NAME | Back Wages | Liquidated Damages | Total |
|------|-----------:|-------------------:|------:|
| MELISSA ANUNDA | $ 916.92 | $ 916.92 | $ 1,833.84 |
| JOYCE CARR | $ 3,696.00 | $ 3,696.00 | $ 7,392.00 |
| SHELBY TROWBRIDGE | $ 4,767.07 | $ 4,767.07 | $ 9,534.14 |
| MELINDA WATSON | $ 11,498.50 | $ 11,498.50 | $ 22,997.00 |
| EUNICE NYKUNDI | $ 41,404.00 | $ 41,404.00 | $ 82,808.00 |
| SYEIRA DELOATCH | $ 2,565.38 | $ 2,565.38 | $ 5,130.76 |
| TANYA PENDER | $ 505.09 | $ 505.09 | $ 1,010.18 |
| BONITA CHAMBERLAIN | $ 38.50 | $ 38.50 | $ 77.00 |
| LEANN CONLEY | $ 8,546.19 | $ 8,546.19 | $ 17,092.38 |
| MICHAEL MAHAN | $ 120.00 | $ 120.00 | $ 240.00 |
| MELENA HAMM | $ 35.40 | $ 35.40 | $ 70.80 |
| **TOTAL** | **$ 351,225.09** | **$ 351,225.09** | **$ 702,450.18** |